(No. 3200—

THE WESTERN UNION TELEGRAPH COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1939.*

Claimant, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

*Per Curiam:*

On February 8, 1938, claimant filed its complaint with the clerk of this court and averred that it is a foreign corporation, with its principal place of business in the State of Illinois, at 427 South LaSalle Street, ·Chicago, Illinois; that

at the special instance and request of the State of Illinois, through its duly authorized officers and upon agreement to pay therefor the claimant furnished the State of Illinois, regular time service, at the request of the Department of Public Health of the State of Illinois, for a period from April 22, 1937 to July 1, 1937, as appears by a statement attached to the complaint; that the usual and customary charge for said service was $2.32; that prior to the filing of this claim, the claimant duly demanded payment of said sum from the Department of Public Health of the State of Illinois, at Springfield, Illinois, but the payment was refused on the technical ground that the account had not been vouchered during the first half of the year 1937; and that the whole of said sum is now due and unpaid.

Claimant asks for the sum of $2.32 with interest from July 1, 1937, together with costs and disbursements.

It is agreed that these services were rendered and that the amount charged is a reasonable and fair charge; that a demand was made for the payment and that the bill was lawfully contracted, and the claimant has not been paid.

As noted above the bill was from April 22, 1937 to July 1, 1937. The services were to and for the use of the State at the Division of Diagnostic Laboratory, Department of Public Health, Springfield, Illinois. It is charged that this appropriation out of which this bill should have been paid, expired prior to September 30, 1937.

This court has repeatedly held that where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same.

An award, therefore, in the sum of $2.32 will be made to the Western Union Telegraph Company. Interest on this, however, will be denied because it does not appear that the bill was rendered at the proper time and could not be allowed without an award from this court. Costs are asked but we

know of no expenditure of funds which could be assessed as costs as a matter of law. No award, therefore, is made for interest and costs.